In re Joyce M. MIRABILE, Debtor.

No. 6:09–bk–04687–ABB.

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Nov. 4, 2009.

Lan B. Kennedy–Davis, Davis & Kennedy PA, Lake Mary, FL, for Debtor.

### ORDER

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the Report of Disputed Election of Chapter 7 Trustee (Doc. No. 24) filed by the Office of the United States Trustee ("UST") and the Motion for Resolution of Dispute (Doc. No. 25) ("Motion") filed by Paul Mirabile, as Personal Representative of the Estate of John L. Mirabile ("Movant"), requesting his counsel Lawrence M. Kosto ("Kosto") be appointed the Chapter 7 Trustee. The Debtor Joyce M. Mirabile ("Debtor") filed an Objection to the election (Doc. No. 34). A hearing was held on August 24, 2009 at which the Debtor, her counsel, and counsel for Movant appeared. Movant's Motion is due to be denied for the reasons set forth herein.

### Disputed Trustee Election

The Debtor filed this case on April 10, 2009 and Robert E. Thomas, who is a member of the panel of private trustees for the Orlando Division of the United States Bankruptcy Court for the Middle District, was appointed the Interim Chapter 7 Trustee pursuant to 11 U.S.C. Section 701(a)(1). He commenced the Debtor's meeting of creditors on May 19, 2009 at which the Debtor, her counsel, Movant, Kosto, and counsel for the UST were present. Movant requested Kosto be elected to serve as Trustee pursuant to 11 U.S.C. Section 702(b). The Debtor objected. No other creditors voted. The UST continued the meeting of creditors.

Movant asserts he meets the voting eligibility requirements: (i) he holds an allowable, undisputed, fixed, liquidated, unsecured claim of $186,679.03, plus accruing interest, pursuant to a Florida State Court Judgment; (ii) such claim is at least twenty percent in amount of the claims eligible to vote; (iii) he does not have an interest materially adverse to the other creditors; and (iv) he is not an insider.

The Debtor listed in Schedule D secured debts of $200,024.00 which include a $177,474.00 debt owed to Movant, $16,350.00 for her Honda Civic, and $6,200.00 for her home. She listed in Schedule F general unsecured debts of $9,373.00. Movant filed Claim No. 1–1 asserting it has a general unsecured claim for $186,679.03, plus interest. A claims bar date has not been set and no creditors other than Movant have filed claims.

### Analysis

Sections 702(a) and (b) set forth the eligibility requirements a creditor must meet to vote for a candidate for trustee and voting procedure:

(a) A creditor may vote for a candidate for trustee only if such creditor—

(1) holds an allowable, undisputed, fixed, liquidated, unsecured claim of a kind entitled to distribution under section 726(a)(2), 726(a)(3), 726(a)(4), 752(a), 766(h), or 766(i) of this title;

(2) does not have an interest materially adverse, other than an equity interest that is not substantial in relation to such creditor's interest as a creditor, to the interest of creditors entitled to such distribution; and

(3) is not an insider.

(b) At the meeting of creditors held under section 341 of this title, creditors may elect one person to serve as trustee in the case if election of a trustee is requested by creditors that may vote under subsection (a) of this section, and that hold at least 20 percent

in amount of the claims specified in subsection (a)(1) of this section that are held by creditors that may vote under subsection (a) of this section. 11 U.S.C. § 702(a), (b). "[A] trustee election dispute requires a bankruptcy court to balance the need for an accurate resolution of fact-based questions at the initial stage of a case with the need for a speedy resolution of the dispute, and that it is both undesirable and unworkable to turn a trustee election into a full scale trial." *Caudill v. N.C. Mach., Inc. (In re American Eagle Mfg., Inc.)*, 231 B.R. 320, 330–331 (9th Cir. BAP 1999).

■ Movant does not meet the Section 707(a) eligibility requirements and was not eligible to vote for a candidate for trustee. Movant does not hold an undisputed unsecured claim. The Debtor, although she has not filed a formal claim objection, disputes Movant's claim in her various pleadings filed in the main case and the pending adversary proceeding styled *Paul Mirabile v. Joyce M. Mirabile*, AP No. 6:09–ap–00736–ABB. The Debtor listed Movant's debt as secured and it is undetermined whether Movant's claim is unsecured, secured, or partially secured.

■ The phrase "materially adverse" contained in Section 702(a)(2) is not defined in the Bankruptcy Code. A Court, pursuant to the legislative history of Section 702, must analyze the totality of the circumstances and balance the competing factors in determining whether an interest is materially adverse. *In re Jotan, Inc.*, 236 B.R. 79, 83–84 (Bankr.M.D.Fla.1999). Relevant factors include the nature of the adverse interest, the size of the interest, and the degree to which it is adverse. H.R. REP. NO. 595, 95th Cong., 1st Sess. 378 (1977), *as reprinted in* 1978 U.S.C.C.A.N. 5787, 5693, 6334. Receipt of a preference by a creditor creates a materially adverse interest. *Matter of NNLC Corp.*, 96 B.R. 7, 10 (Bankr.D.Conn.1989).

Movant holds the largest claim against the Debtor. The documents attached to Movant's claim establish he garnished the Debtor's wages prepetition. Such transfers may constitute avoidable preferential transfers. The Debtor has made allegations of wrongdoing against Movant and Kosto which may constitute assets of the estate. Movant has advocated positions that conflict with the potential benefits to the other creditors. It sought dismissal of this case pursuant to Section 707(b) and relief from the automatic stay to enforce its judgment and to bring new actions against the Debtor in State Court. Movant, based upon the totality of the circumstances and a balancing of the factors, has an interest materially adverse to the Debtor's other creditors.

Movant is an insider of the Debtor as defined by 11 U.S.C. Section 101(31)(A)(i). The deceased, John L. Mirabile, was the Debtor's and Movant's father. Movant is the Debtor's brother. Despite this relationship, Movant affirmatively stated on the Ballot for Trustee Election he is not an insider (Doc. No. 24).

Movant does not meet the eligibility requirements of 11 U.S.C. § 707(a). His vote for a candidate for trustee is invalidated. No trustee was elected at the Debtor's meeting of creditors. Robert E. Thomas, the Interim Trustee, shall serve as the permanent Chapter 7 Trustee pursuant to 11 U.S.C. Section 702(d).

Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that the Movant's Motion (Doc. No. 11) is hereby **DENIED**; and it is further

**ORDERED, ADJUDGED and DECREED** that the Movant's vote for a candidate for trustee is invalidated and

Robert E. Thomas shall serve as the permanent Chapter 7 Trustee pursuant to 11 U.S.C. Section 702(d).